```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

JUAN RUBIO-BENAVIDES,

    Plaintiff,

v.                          Case No. 8:20-cv-1237-T-33SPF

GENERAL R.V. CENTER, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Juan Rubio-Benavides' Motion to Remand (Doc. # 22), filed on June 24, 2020. Defendant General RV Center, Inc. responded on July 8, 2020. (Doc. # 26). With the Court's permission, Rubio-Benavides filed a reply on July 15, 2020. (Doc. # 32). For the reasons that follow, the Court grants the Motion in part and remands the case.

**I.    Background**

Rubio-Benavides initiated this Magnuson Moss Warranty Act (MMWA) case on April 15, 2020, in state court. (Doc. # 1-1). He asserts claims for breach of implied warranty (Count I) and revocation of acceptance (Count II) under the MMWA for defects associated with the RV Rubio-Benavides purchased from General R.V. (Id. at 2).

1

The complaint states that the RV at issue is "a 2020 Nexus 37M Class A Diesel RV." (Id. at 1). The retail installment contract attached as an exhibit to the complaint describes Rubio-Benavides' RV as a "2020 Maybach 37M AR 3500/0." (Id. at 9). Regardless of the RV model name, Rubio-Benavides alleges that within days of the purchase he became aware of serious defects that rendered the RV unfit to drive. (Id. at 3-4). The complaint asks for "monetary damages" as well as "the equitable remedy of Revocation of Acceptance." (Id. at 4-5).

On May 28, 2020, General R.V. removed this case to federal court, arguing that federal question jurisdiction exists. (Doc. # 1). Because the notice of removal failed to address the MMWA's amount in controversy requirement, the Court entered an order explaining that "a MMWA claim is not cognizable in federal court 'if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.'" (Doc. # 5)(quoting Barganier v. Ford Motor Co., No. CV 20-0151-WS-M, 2020 WL 2394934, at *2 (S.D. Ala. May 12, 2020)). The Court permitted General R.V. to provide information regarding the amount in controversy. (Id.).

In response, General R.V. filed its brief on damages. (Doc. # 10). General R.V. reported that the RV's sale price was $154,486. (Id. at 3). It also explained that the "Operations Manager at General R.V.-Tampa" estimated the RV could be sold for $72,000, not considering its current defects. (Id.). Considering the current defective condition, the Operations Manager estimated the RV would be sold for even less. (Id.). Using the $72,000 figure as the RV's current value, General R.V. estimated that Rubio-Benavides' damages for revocation of acceptance exceed $50,000. (Id. at 4-5).

Now, Rubio-Benavides seeks remand to state court and argues that he is entitled to attorney's fees related to removal. (Doc. # 22). General R.V. has responded (Doc. # 26), and Rubio-Benavides has replied. (Doc. # 32). The Motion is ripe for review.

**II. Discussion**

    **A. Remand**

Rubio-Benavides argues that this case must be remanded to state court because General R.V. has not met its burden of showing that the amount in controversy is at least $50,000. The Court agrees.

As explained above, the MMWA contains a jurisdictional amount in controversy requirement of $50,000.00. See 15

U.S.C. § 2310(d)(3)(B). Attorney's fees are not included in the determination of the amount in controversy for a MMWA claim. Ansari v. Bella Automotive Group. Inc., 145 F.3d 1270, 1271-72 (11th Cir. 1998).

"Since [Rubio-Benavides has] not pled a specific amount of damages [in the complaint], [General R.V.] must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement." Burns v. Winnebago Indus., Inc., No. 8:10-cv-1441-T-24MAP, 2010 WL 3190233, at *1 (M.D. Fla. Aug. 11, 2010). On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted). Furthermore, the use of reasonable inferences and deductions is permissible to establish the amount in controversy. See Id. at 754. However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

Rubio-Benavides argues that General R.V. has clearly failed to establish that the diminution damages in this case exceed $50,000. (Doc. # 22 at 4). True, General R.V. has not

4

proven that the amount in controversy, if premised on diminution damages for the breach of warranty claim, is greater than $50,000. The calculation of diminution damages requires knowledge of the diminished value of the RV on the date of sale and General R.V. has not provided an estimate of the RV's diminished value on the sale date. See <u>Bentley v. Volkswagen Grp. of Am., Inc.</u>, No. 6:13-cv-1266-Orl-37KRS, 2013 WL 5927974, at *1 (M.D. Fla. Nov. 5, 2013)("[T]he proper measure of damages is the purchase price of a non-defective car less the value of the defective car when it was purchased. The current value of the defective car is irrelevant." (citations omitted)); <u>Burns</u>, 2010 WL 3190233, at *2 ("[T]he relevant inquiry for determining damages for a breach of warranty focuses on the value of the defective RV *on the date that Plaintiffs purchased it*." (emphasis original)).

General R.V.'s failure to prove diminution damages, however, is the result of General R.V.'s exclusive reliance on the calculation of damages for the revocation of acceptance remedy. (Doc. # 10; Doc. # 26). And, indeed, the complaint asserts a claim for revocation of acceptance under the MMWA (Count II) and seeks the remedy of revocation of acceptance. (Doc. # 1-1 at 4-5). Thus, General R.V. may establish that the amount in controversy requirement is met under the

5

revocation of acceptance calculation of damages. See Burns, 2010 WL 3190233, at *3 n.5 (explaining that the calculation for revocation of acceptance is different than for diminution damages and that "the amount in controversy would meet the jurisdictional threshold" if Plaintiffs had sought the remedy of revocation of acceptance in their complaint). Although General R.V. also refers in its response to other forms of relief requested in the complaint's prayer for relief (Doc. # 26 at 5), the Court determines that the revocation of acceptance method of calculating damages is the appropriate one in light of Count II for revocation of acceptance.

When a plaintiff seeks revocation of acceptance and a refund in a MMWA case, "true money damages — and concomitantly, the true amount in controversy – would equal only the difference between the price of the new [RV] and the worth of the allegedly defective [RV], reduced by [his] beneficial use of the defective [RV]." Barganier, 2020 WL 2394934 at *4 (quoting Schimmer v. Jaguar Cars, Inc., 384 F. 3d 402, 405-06 (7th Cir. 2004)). The worth of the defective RV is its current value in its defective condition. See Burns, 2010 WL 3190233, at *3 n.5 ("If Plaintiffs sought the remedy of revocation of acceptance, then the amount in controversy would equal the difference between the original purchase

price of the RV ($246,685.39) and the current value of the RV in its presently defective condition (because Plaintiffs would be returning the RV to the manufacturer), and then that amount would be further reduced by Plaintiffs' beneficial use of the RV during the period they owned it.").

For its calculation of revocation of acceptance damages in its brief, General R.V. alleges a resale value of $72,000 for the RV based on an estimate from its own Operations Manager at the company's Tampa location. (Doc. # 10 at 3; Doc. # 10-1 at 1). This $72,000 estimate does not take into account the RV's alleged defects, so the RV in its currently defective condition would be worth even less. (Doc. # 10-1 at 1). General R.V. claims it was unable to reference the National Automobile Dealers Association's (NADA) guide for an estimate of the RV's resale value because "NADA does not include pricing for the 2020 Maybach 37M AR 3500/0." (Doc. # 10 at 3). NADA "publishes a guide estimating values for RVs, similar to Kelly Blue Book for cars." (Id.).

General R.V. also argues that Rubio-Benavides has had no beneficial use of the RV because its defects rendered it undriveable within days of purchase. (Doc. # 10 at 3-4; Doc. # 26 at 7 n.2). Because Rubio-Benavides had the RV for a short period of time, the Court agrees that the value of Rubio-

Benavides' beneficial use of the RV is $0. Using these three numbers proposed by General R.V. in its June 4 brief on damages, the amount in controversy is at least $82,486: the $154,486 sale price minus $72,000 in current value minus $0 in beneficial use.

But as Rubio-Benavides points out in his reply (Doc. # 32 at 4), NADA actually does list a resale price for the RV at issue: a low retail value of $128,485, and an average retail value of $154,760. (Doc. # 32-1 at 5-7). Additionally, the Court agrees with Rubio-Benavides that the RV, even though defective, has a much greater value than $0, as General R.V. implies at times in its response. (Doc. # 26 at 6).

Given the existence of a NADA estimate for the value of the RV, which is much higher than the estimate provided by General R.V.'s employee, the Court will employ the NADA estimate for its calculation of damages. Because there is no evidence in the record regarding how much the value of the RV has been reduced by its defects, the Court will utilize the low retail value estimate provided by NADA in its analysis.

Thus, the damages for revocation of acceptance are at least $26,001: the purchase price of $154,486 minus the present value of $128,485 and minus $0 for beneficial use. This amount falls far short of $50,000. Therefore, resolving

8

all uncertainties in favor of remand, the Court determines that it does not have jurisdiction over this MMWA case.

### B. Attorney's Fees

Under 28 U.S.C. § 1447(c), when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court has the discretion to award attorney's fees only when the removing party lacked an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Although no bright line rule emerges, courts that have applied the Martin standard seem to focus upon whether the removing party has offered a credible reason for removal, even if it turns out by subsequent events that the removing party was wrong on the facts or was wrong on the law." Fernandez v. Pilot Travel Centers, LLC, No. 5:07-cv-359-Oc-10GRJ, 2007 WL 3379848 at *2 (M.D. Fla. Nov. 14, 2007). There is no presumption that attorney's fees should be awarded when a case is remanded. Id.

Rubio-Benavides argues that attorney's fees are warranted because General R.V. "cannot claim that it had an objectively reasonable basis for removal all while being

provided multiple opportunities to demonstrate the requisite amount in controversy." (Doc. # 22 at 8).

The Court disagrees and finds that General R.V. did not lack an objectively reasonable basis for removal. Although General R.V. did not show by a preponderance of the evidence that the amount in controversy is at least $50,000, the Court believes that there are likely significant damages at issue in this case. General R.V. relied on its employee's estimate of the RV's current value to calculate the amount in controversy, and the amount in controversy does exceed $50,000 when the employee's estimate is used. Although the Court credited the NADA estimate instead of the employee's estimate in light of NADA's experience, the Court does not believe the employee's estimate was unreasonable or made in bad faith. Therefore, the request for attorneys' fees is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Juan Rubio-Benavides' Motion to Remand (Doc. # 22) is **GRANTED** in part. The case shall be remanded for lack of jurisdiction, but attorney's fees will not be granted. The Clerk is directed to **REMAND** this case to state court. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of July, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE